UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joy Rahaman,

                Plaintiff,        Case No. 24-13459

v.                                 Judith E. Levy
                                      United States District Judge
State Farm Mutual Auto
Insurance, *et al.*,           Mag. Judge Elizabeth A. Stafford

                Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION [93]

*Pro se* Plaintiff Joy Rahaman, an enjoined filer in the Eastern District of Michigan, filed this action against State Farm Mutual Auto Insurance and State Farm employees Jason Snyder and Rafal Lipowski (together, the "State Farm Defendants") and Michelle Boedecker. (ECF No. 1.) Before the Court is Magistrate Judge Elizabeth A. Stafford's Report and Recommendation to grant the State Farm Defendants' motion to dismiss, sua sponte dismiss the claims against Defendant Boedecker, and deny as moot Plaintiff's motion for sanctions. (ECF No. 93.)

Parties are generally required to file specific written objections, if any, within fourteen days of service. 28 U.S.C. § 636(b)(1); Fed. R. Crim.

P. 59; E.D. Mich. LR 72.1(d). However, because Plaintiff Joy Rahaman is an enjoined filer, she must "obtain permission to file **any document**" by "fil[ing] a Motion for Leave to File Document." (ECF No. 90, PageID.809 (emphasis in original).) On July 15, 2025, the Court granted Plaintiff's motion for leave to file objections to the Report and Recommendation and extended the deadline to file objections to July 29, 2025. Defendants did not file objections within fourteen days of service of the Report and Recommendation, and Plaintiff did not file her objection by the extended deadline of July 29, 2025.[1] The Court has nevertheless carefully reviewed the Report and Recommendation and concurs in the result. Accordingly,

The Report and Recommendation (ECF No. 93) is ADOPTED. The State Farm Defendants' motion to dismiss is GRANTED. (ECF No. 15.) The claims against Defendant Boedecker are sua sponte DISMISSED. Plaintiff Rahaman's motion for sanctions is DENIED AS MOOT. (ECF No. 52.) The case is hereby DISMISSED WITH PREJUDICE.[2]

---

[1] By failing to object to the Report and Recommendation, the parties have forfeited any further right of appeal. *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019); *see also Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019).

[2] The Report and Recommendation does not include a direct recommendation as to whether the dismissal should be with or without prejudice. It recommends granting the State Farm Defendants' motion to dismiss, which requested a dismissal with prejudice. (ECF No. 15, PageID.122.) On the other hand, "dismissals for lack of

IT IS SO ORDERED.

Dated: August 6, 2025       s/Judith E. Levy
      Ann Arbor, Michigan       JUDITH E. LEVY
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 6, 2025.

                                      s/William Barkholz
                                      WILLIAM BARKHOLZ
                                      Case Manager

---

jurisdiction should generally be made without prejudice," and dismissals for lack of jurisdiction with prejudice should be largely limited to "rare circumstances" such as where the court is using "its inherent power to dismiss with prejudice (as a sanction for misconduct)." *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005) (cleaned up) (quoting *Mitan v. Int'l Fid. Ins. Co.*, 23 F. App'x 292, 297 (6th Cir. 2001)). Still, the Sixth Circuit "long has recognized that a trial court's inherent power includes the power to dismiss cases involving flagrant abuses." *Mitan*, 23 F. App'x at 298. Although the Court dismisses the claims against Defendant Boedecker for lack of jurisdiction, the Court finds this action is a "rare circumstance[]" where it is appropriate to dismiss the case against her with prejudice. Plaintiff is a vexatious litigant with an extensive history of filing frivolous actions stemming from a 2016 car accident. (*See* Case No. 24-13348, ECF No. 107, PageID.1745.) The Court therefore "invoke[s] its inherent authority to sanction [the plaintiff for her] repeated abuse of the judicial process" and dismisses the case against Defendant Boedecker with prejudice. *See Mitan*, 23 F. App'x at 299.

3